**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2268

JACOB OLAKUNLE AJOMALE, a/k/a Emmanuel Adegoke, a/k/a Jacob
Asomale,

        Petitioner,

    v.

ERIC H. HOLDER, JR., U.S. Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: July 20, 2011        Decided: August 2, 2011

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner. Tony West, Assistant Attorney
General, Mary Jane Candaux, Assistant Director, Robbin K. Blaya,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacob Olakunle Ajomale, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an

2

abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the agency's finding that Ajomale failed to demonstrate a well-founded fear of future persecution in Nigeria on account of a protected ground. We therefore uphold the denial of Ajomale's requests for asylum and withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Finally, we find that substantial evidence supports the finding that Ajomale failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2011). We find that Ajomale failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED